# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**PAULO ROBERTO LOPES DA SILVA,**

        **Plaintiff,**

**-vs-**                                              **Case No. 6:08-cv-763-Orl-31DAB**

**BPW PERSHING, LLC d/b/a Brooklyn Pizza and CARLOS SCIORTINO,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION FOR FINAL DEFAULT JUDGMENT (Doc. No. 10)**
>
> **FILED:**    **July 28, 2008**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

Plaintiff sued Defendants BPW Pershing, LLC d/b/a Brooklyn Pizza and Carlos Sciortino for unpaid overtime wages, as well as attorney's fees and costs, pursuant to the Fair Labor Standards Act (29 U.S.C.A. § 201, *et seq.,* herein "the FLSA"). Doc. No. 1. Following service of process (Doc. Nos. 6-7) on June 10 and 25, 2008, Defendants failed to appear and Plaintiff moved for entry of a clerk's default (Doc. No. 8) on June 25, 2008. A default was entered on June 26, 2008. (Doc. No. 9).

Plaintiff now moves for a default judgment for wages owed, fees and costs incurred, and has filed supporting Affidavits (Doc. Nos. 11, 12); the matter is now ripe for resolution.

The Court finds that Defendants' failure to timely respond to the Complaint and subsequent entry of default served to admit the well pled allegations of the Complaint. Plaintiff was employed as a cook by Defendant Brooklyn Pizza from March 2005 through March 2008. Doc. No. 11. Doc. No. 1, 11-3. Plaintiff stated in his affidavit that Sciortino hired Plaintiff, set his job duties, his salary, and was his immediate supervisor (Doc. No. 11 ¶ 10). Defendant Carlos Sciortino was an owner of Brooklyn Pizza, who acted in the company's interest and, thus, constitutes a statutory employer under 29 U.S.C. § 203(d) (defining an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee").

Plaintiff alleges that Brooklyn Pizza meets the requirements for "enterprise coverage" under the FLSA; he alleges in the alternative that as an employee, he worked in interstate commerce. Doc. Nos. 1 ¶ 5, 11. In order for employers to be required to pay overtime compensation, employees must be "engaged in commerce or in the production of goods for commerce, or . . . employed in an enterprise engaged in commerce." 29 U.S.C. § 207(a)(1). An employee is covered if the employee can establish either the employee is engaged in commerce (individual coverage) or the employer is an enterprise engaged in commerce (enterprise coverage). 29 U.S.C. § 203(b), (s). The FLSA defines an "enterprise engaged in commerce" as an enterprise with annual gross revenue of $500,000 or greater. 29 U.S.C. § 203(s). Plaintiff attests to personal knowledge that Brooklyn Pizza generated $17,000 to $19,000 in revenue per week (or $780,000 to $988,000 annually) and employees handled food supplies from Roma Distribution, a New York company. Doc. No. 11 ¶¶ 8-9. Thus, Brooklyn Pizza meets the statutory requirements as an enterprise to fall under the FLSA.

During his employment, Plaintiff's regular rate of pay was $13.50 per hour. Doc. No. 11 ¶ 4. Under the FLSA, an employer must pay one and one-half times the employee's regular rate for all hours worked in excess of forty hours per work week. 29 U.S.C. § 207(a). Plaintiff states by affidavit that he "generally worked 70 (30 hours of overtime) hours per week" from March 2005 through March 2008, for which he received straight time and not overtime wages from Defendants, for 4,680 total hours (30 hours per week times 156 weeks) and $31,590 owed (4,680 hours at $6.75). Doc. No. 11, 11-3. As Defendants have defaulted, the Court finds that Plaintiff is entitled to the entry of judgment on the issue of liability for overtime and unpaid wages in the amount of $31,590 and liquidated damages of an equal amount, for a total of $63,180. *See* Doc. No. 11 ¶ 11.

In FLSA suits for unpaid minimum wages or unpaid overtime wages, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). This provision has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985); *see also Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987) ("Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases."). As the mandatory language of the Act says "in addition to any judgment", it is clear to this Court that a prevailing plaintiff means a plaintiff that has at least obtained a judgment, regardless of the amount of the recovery. This is in keeping with the legislative history of the Act, which reflects Congress' desire to protect workers and discourage unscrupulous employers." *Kreager*, 775 F.2d at 1542.

Plaintiff seeks to recover $3,125.00 for attorney's fees and $451.50 for costs. Doc. No. 12. Plaintiff's counsel avers that he spent 12.5 hours of time prosecuting this matter, at an hourly rate of

$250.00 per hour. Doc. No. 12-2. Counsel has presented an itemized list of the services provide by his firm, and the time spent appears reasonable for the tasks completed. Doc. Nos. 12, 12-2. The Court finds $250.00 per hour for attorney work to be a reasonable rate in this FLSA case. "Having considered the amount and nature of damages awarded, the court may lawfully award low fees or no fees without reciting the 12 factors bearing on reasonableness." *Farrar v. Hobby,* 506 U.S. 103, 115 (1992).

In view of all of the foregoing, it is **respectfully recommended** that final judgment be entered in Plaintiff's favor against Defendants BPW Pershing, LLC d/b/a Brooklyn Pizza and Carlos Sciortino in the amount of **$63,180** in damages, **$3,125** in attorney's fees, and **$451.50** in costs (filing fee and service of process charges).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 28, 2008.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy